[No. C. D. 3970.   *En Banc.*   September 9, 1952.]

*In the Matter of Disciplinary Proceedings Against* VOLNEY P. EVERS, *an Attorney at Law.*[1]

*A. Vernon Stoneman,* for board of governors.

*Volney P. Evers, pro se.*

MALLERY, J.—The respondent, Volney P. Evers, was admitted to practice law in the state of Washington on October 18, 1913.

On January 9, 1952, he entered pleas of guilty to three counts of grand larceny in the superior court of King county, cause No. 26825.

On January 30, 1952, the court signed a formal order suspending imposition of sentence in that cause for a period of five years upon the condition that the "defendant make restitution in full in the sum of $25,979.16."

The respondent proffered his resignation as a member of the Seattle and Washington state bar associations as of February 11, 1952, and has requested the board of governors not to refer the case to a committee for trial. This request the board of governors concluded to grant, and proceeded to dispose of the case summarily pursuant to Rule 18, Rules for the Discipline of Attorneys, 34A Wn. (2d) 188, and recommended disbarment of the respondent to this court.

This case presents no question of law or fact for decision by this court.

While no client was concerned in the grand larceny in question, the respondent concedes that any grand larceny involves moral turpitude under the purview of Rule 18, *supra.* He throws himself upon the mercy of this court in the hope of being allowed to resign from the bar association with a proviso that he will never apply for readmission to membership therein, and that, upon the acceptance of his resignation, no further proceedings be had in this matter.

His request is denied, and it is the decree of this court that he is hereby disbarred.

SCHWELLENBACH, C. J., GRADY, HAMLEY, DONWORTH, WEAVER, and OLSON, JJ., concur.

HILL, J. (dissenting)—If the court were to adopt an ironclad rule so that it followed, "as the night the day," that any member of the bar who was convicted of a felony would be disbarred, I would concur.

Rule for Discipline of Attorneys 10 (1), 34A (2d) 183, is as follows:

"An attorney or counselor may be reprimanded, suspended or disbarred for any of the following causes:

"(1) His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence."

[1] Reported in 247 P. (2d) 890.

As long as the court is disposed to pick and choose who of those so convicted it will reprimand, suspend, or disbar, and who it will permit to resign (see *In re Lonergan,* 23 Wn. (2d) 767, 162 P. (2d) 289 (1945)), this is once I would permit a resignation. (I hasten to add that our acceptance of a resignation in the *Lonergan* case was entirely justifiable if we are to exercise discretion in such matters.)

In the present matter, on Volney Evers' plea of guilty to three counts of grand larceny, the trial judge in the criminal case deferred sentence for five years and gave Mr. Evers an opportunity to work out a program of restitution. Many prominent citizens of Seattle, including members of the bar and a former member of this court, wrote letters expressing their confidence in him. A number of personal friends contributed substantial sums of money to aid him in making partial restitution immediately. The persons who had been the victims of the defalcations joined in the request for deferment, as did the prosecuting attorney.

The trial court, in announcing the deferment, commented upon the three reasons for sending men to prison: first, the protection of society; second, the punishment of the wrong-doer; third, the deterrent effect upon others. He concluded that society was in no danger of Mr. Evers' again committing an offense, and

". . . that undoubtedly Mr. Evers has suffered more pangs of conscience over this than any amount of corporal punishment would ever accomplish. A man sixty-one years of age, a business man, prominent in his community and church and civic affairs, enjoying the confidence of many of the outstanding citizens of the community, couldn't help but suffer greatly. He has been punished."

The trial judge also concluded that the unusual circumstances of the case, which explain but do not excuse the offenses committed, would minimize the deterrent effect upon others.

We, in disbarment proceedings, have usually emphasized the matter of the protection of society from those unworthy of trust and confidence. Mr. Evers has not been engaged in the active practice of law for many years. The trial court in the criminal case was convinced that society has nothing to fear from him as a man; and, while I am convinced that society needs no protection from him as a lawyer, such protection would be afforded by his resignation.

If I could see any good purpose to be served by the disbarment, I would join with the majority; but I see none. Society does not need the protection of a disbarment; Volney Evers does not need the punishment of a disbarment; and his appearance in our court was a greater deterrent to others than the disbarment we now impose.

I confess to having been deeply moved by Mr. Evers' presentation in this court—here in very truth was "a humble and a contrite heart"; yet, withal, here was a man, at sixty-one, determined to come up through the wreckage of his life, to repay those who had suffered by his misconduct, and to justify the faith of the legion of friends who were standing by him in the hour of adversity.

Disbarment and its attendant publicity will be just one more stinging, cutting blow, making more difficult the Herculean task of restitution that Mr. Evers has undertaken. I think resignation should be permitted. This would set no precedent. *In re Lonergan, supra.*

FINLEY, J., concurs with HILL, J.